People v Yentes (2024 NY Slip Op 06220)

People v Yentes

2024 NY Slip Op 06220

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-13679

[*1]The People of the State of New York, respondent,
v
Carlos Yentes, appellant. (S.C.I. No. 1889/19)

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bruna L. DiBiase, J., at plea; Suzanne J. Melendez, J., at sentence), rendered November 4, 2019, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Bradshaw, 18 NY3d 257). "The defendant's written waiver of the right to appeal misstated the applicable law and was misleading and further misstated that the defendant was giving up the right to poor person relief and postconviction remedies in both state and federal courts separate from direct appeal" (People v Morrison, 199 AD3d 707, 708; see People v Vargas, 187 AD3d 1222; People v Habersham, 186 AD3d 854). The Supreme Court's oral colloquy was insufficient to cure the defects of the written waiver (see People v Morrison, 199 AD3d at 708). Accordingly, the defendant's purported appeal waiver does not limit the scope of this Court's appellate review (see generally People v Savransky, 206 AD3d 764, 765).
However, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that, in light of the immigration consequences of his sentence, his sentence constitutes cruel and unusual punishment under the State and Federal Constitutions is unpreserved for appellate review (see CPL 470.05[2]; People v Lopez, 217 AD3d 968). In any event, this contention is without merit (see People v Seenarine, 206 AD3d 765, 766; People v Brissett, 196 AD3d 642, 643).
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court